### BARTHOLDI v. HICKSON.

(Supreme Court, Appellate Term. June 21, 1912.)

TRIAL (§ 236*)—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.

Where all the witnesses of a party were in his employ, the jury must determine to what extent their relationship affected their credibility; and the refusal to charge that the jury might infer that the fact that a witness was in the employ of a litigant and received a salary from him had some bearing on his testimony, and charging that employment was not the basis for the creation or claim of interest, necessitated the setting aside of a verdict for such party.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 531–533; Dec. Dig. § 236.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Pasquale Bartholdi against Richard J. Hickson. From a judgment of the City Court for defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Jacob Friedman, of New York City, for appellant.

Samuel L. Weyl, of New York City, for respondent.

PER CURIAM. The plaintiff sues for breach of contract of employment. All of the defendant's witnesses were in defendant's employ. It was for the jury, under those circumstances, to say to what extent, if any, their business relationship impaired or destroyed their credibility, and it was error on the part of the trial justice, after charging that "employment is not the basis for the creation or claim of interest," to refuse to charge that the "jury may infer that, if a witness is in the employ of a litigant and receives a salary from him, that fact may have some bearing upon the testimony."

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.